UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XUEJIE HE,<br><br>    Plaintiff,<br><br> -against-<br><br>OFFICE OF THE NEW YORK CITY COMPTROLLER<br><br>    Defendant. | 18-CV-7806 (LLS)<br><br>ORDER |

LOUIS L. STANTON, United States District Judge:

  Plaintiff, appearing *pro se*, brings this action invoking this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1332, and alleging that Defendant discriminated against her and violated her civil rights by dismissing her untimely notice of claim. On November 6, 2018, the Court dismissed this action for lack of subject matter jurisdiction because Plaintiff had failed to state a federal claim and failed to establish that complete diversity existed between her and Defendant, and that the jurisdictional amount of $75,000.00 was satisfied (ECF No. 5).

  On November 27, 2018, Plaintiff filed a notice of appeal of this Court's decision to the United States Court of Appeals for the Second Circuit, and on April 4, 2019, the Court of Appeals issued an order remanding the case "for consideration of whether the parties are diverse and whether the amount in controversy was satisfied" under § 1332 (ECF No. 8).

  Accordingly, the Court directs the Clerk of Court to vacate in part the November 6, 2018 order of dismissal (ECF No. 5), vacate fully the November 6, 2018 civil judgment (ECF No 6), and reopen this action for further proceedings. The Court's finding that Plaintiff's claims – that Defendant discriminated against her by dismissing her state-law tort claim as untimely because of the eClaim system's technical failure– did not implicate federal law under § 1331 remains in effect. That portion of the Court's decision was not disturbed by the Court of Appeal's order. But

in accordance with the Court of Appeals' order, the Court's dismissal of Plaintiff's complaint under § 1332 is vacated. The Court now directs Plaintiff to show cause, within thirty days of the date of this order, why this action should not be dismissed for lack of diversity jurisdiction under § 1332.

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he or she and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff alleges in the complaint that she is a citizen of China who currently resides in New York. In this circumstance, the distinction between whether she has been lawfully granted permanent residence in the United States (in which case she may be considered as a citizen of New York under § 1332(a)(2)) or is a citizen of China who is merely presently residing here, may be significant for purposes of the Court's diversity jurisdiction. The Court therefore directs Plaintiff to set forth facts regarding her immigration status, and the location of her permanent domicile.

Plaintiff must also show that the amount in controversy exceeds the jurisdictional amount of $75,000. Plaintiff's complaint seeks "$58,008.456" in damages, which includes compensation for her medical treatment, loss of wages, and pain and suffering. (Compl. at 5) It is well settled that the sum claimed by the plaintiff will control if the claim is apparently made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). That amount is below the statutory jurisdictional amount for diversity jurisdiction. But in compliance with the Court of

Appeal's order, Plaintiff is granted leave to show that the amount in controversy requirement is satisfied, that her claim is in excess of the sum or value of $75,000.00.

If Plaintiff fails to timely respond to this order, or if her response fails to allege facts establishing that she and Defendant are diverse and that the amount in controversy exceeds $75,000.00, the matter will be dismissed for lack of a showing of subject matter jurisdiction under § 1332.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court vacates in part the November 6, 2018 order of dismissal (ECF No. 5), vacates fully the November 6, 2018 civil judgment (ECF No. 6), and reopens this action for further proceedings.

Plaintiff is directed to show cause, within thirty days of the date of this order, why this action should not be dismissed under § 1332 for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A declaration form is attached to this order. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed under § 1332 for lack of subject matter jurisdiction.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 16, 2019
        New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
| --- | --- |
| Name | Prison Identification # (if incarcerated) |
| Address | City | State | Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |