No. 18 CV 7806 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XUEJIE HE,

*Plaintiff*,

- against -

OFFICE OF THE NEW YORK CITY COMPTROLLER,

*Defendant*.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY 10007

Of Counsel: Rosemary C. Yogiaveetil
Tel: (212) 356-0877
Matter No. 2018-087480

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... II

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.................................................. 2

ARGUMENT.............................................................................................................................. 3

LEGAL STANDARD................................................................................................................. 3

      POINT I ......................................................................................................... 4

            PLAINTIFF HAS FAILED TO STATE A CLAIM
            UPON WHICH RELIEF CAN BE GRANTED. ........................................ 4

CONCLUSION........................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009).................................................................................................................4

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007).................................................................................................................3

*Biro v. Condé Nast*,
　807 F.3d 541 (2d Cir. 2015).....................................................................................................3

*Bloch v. Comptroller*,
　No. 11-CV-469 (RRM), 2011 U.S. Dist. LEXIS 12698 (Feb. 9, 2011) ..................................5

*Brandon v. City of New York*,
　705 F. Supp. 2d 261 (S.D.N.Y. 2010)......................................................................................6

*Hellenic Am. Neighborhood Comm. v. City of New York*,
　101 F.3d 877 (2d Cir. 1996).....................................................................................................7

*Jackson v. N.Y. State Dep't of Labor*,
　709 F. Supp. 2d 218 (S.D.N.Y. 2010)......................................................................................4

*Kaluczky v. City of White Plains*,
　57 F.3d 202 (2d Cir. 1995).......................................................................................................8

*Kentucky v. Graham*,
　473 U.S. 159 (1985).................................................................................................................5

*Monell v. Dept. of Soc. Servs. of the City of New York*,
　436 U.S. 658 (1978).................................................................................................................5

*Parratt v. Taylor*,
　451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S.
　327 (1986)................................................................................................................................7

*Patterson v. County of Oneida*,
　375 F.3d 206 (2d Cir. 2004).....................................................................................................5

*Reeves v. Sanderson Plumbing Prods., Inc.*,
　530 U.S. 133 (2000)....................................................................................................... *passim*

*Rehberg v. Paulk*,
　132 S. Ct. 1497 (2012).............................................................................................................5

*Vickers-Pearson v. City of N.Y.*,
   No. 18-CV-7430 (ER), 2019 U.S. Dist. LEXIS 104460 (S.D.N.Y. June 21,
   2019) ..................................................................................................................................4

**Statutes**

28 U.S.C. § 1331 (2019) ................................................................................................................3

42 U.S.C. § 1983 (2019) ................................................................................................................5

42 U.S.C. § 2000h-2 (2019) ...................................................................................................3, 4, 6

New York General Municipal Law § 50-e .............................................................................2, 7, 8

*Racial Discrimination Act 1975* (Cth) (Austl.),

https://www.legislation.gov.au/Details/C2014C00014. ......................................................1, 3, 4, 6

**Other Authorities**

Fed. R. Civ. P. § 12(b)(6) (2019) ...................................................................................................3

**PRELIMINARY STATEMENT**

Plaintiff Xuejie He brings claims against the Office of the New York City Comptroller ("the Comptroller" or "the Comptroller's Office"), alleging that she was prevented from filing a timely Notice of Claim regarding a slip and fall on a frozen sidewalk on or about March 23, 2018. Plaintiff claims that she attempted to file a Notice of Claim through the Comptroller's electronic system on June 21, 2018, but that she was unable to do so due to a technical error. Plaintiff further alleges that she personally visited the Comptroller's Office the following day, where she submitted a physical claim form. The Comptroller's Office ultimately disallowed her claim for being untimely.

Plaintiff alleges this disallowance was the result of discrimination and civil rights violations. Plaintiff does not cite any specific statute or body of law in her Complaint (Dkt. No. 2 ("Compl.")), but identifies the Racial Discrimination Act of 1975(10)(13)(18A)(18E), 42 U.S.C. § 2000h-2, *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000), as the basis for jurisdiction in her response to the Order to Show Cause issued by the Hon. Louise L. Stanton. (Dkt. No. 11.)

Plaintiff's allegations are conclusory and barebones, and they fail to set forth a viable cause of action. Defendant now moves to dismiss this Complaint because Plaintiff has failed to state a claim upon which relief may be granted.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff avers that she is a Chinese citizen, residing in the United States on a temporary, non-immigrant visa. (Dkt. No. 11, 2.) Plaintiff alleges that she sustained personal injuries after she slipped and fell on a frozen sidewalk on or about March 23, 2018. (Compl., 5). Plaintiff does not identify the location of her alleged slip and fall in her Complaint. (*Id.*) Plaintiff waited until the 90th day after her alleged slip and fall to attempt to file a Notice of Claim for her state law negligence claim; Plaintiff tried to file an electronic Notice of Claim through the Comptroller's eClaim system on or about June 21, 2018. (*See id.*) Plaintiff alleges that a technical error in the eClaim system prevented her from filing a timely Notice of Claim. (*Id.*)

Plaintiff claims that she went to the Comptroller's Office on or about June 22, 2018, where she alerted two clerks to the problem she had filing a Notice of Claim. (*Id.*) One of the clerks asked Plaintiff to complete a "personal delivery form"[1] and explain the situation regarding the system failure. (*Id.*) Plaintiff did so and submitted the physical form to a clerk at the Comptroller's Office. (*Id.*) Plaintiff alleges that the clerk at the Comptroller's Office told her that she would receive a case number and would then be able to submit relevant records in person. (*Id.*)  However, Plaintiff's claim was disallowed due to its untimeliness. (*Id.*)

Rather than moving for leave to serve a late Notice of Claim pursuant to New York General Municipal Law ("NY GML") § 50-e(5), Plaintiff commenced the instant action by filing a Complaint on August 27, 2018. (Dkt. No. 2.) The Hon. Louis L. Stanton dismissed this action *sua sponte* on or about November 6, 2018, for lack of subject matter jurisdiction; the Court found that Plaintiff had not raised a federal question and had not satisfied the requirements

---

[1] For the purposes of this motion, Defendant assumes that Plaintiff completed a Personal Injury Claim Form.

for diversity jurisdiction. (Dkt. No. 5.). Plaintiff appealed, and the Second Circuit vacated in part the Hon. Louise L. Stanton's November 6, 2018 Order. (Dkt. No. 8.) The Second Circuit remanded the case for consideration of whether the parties were diverse and whether the amount in controversy requirement was satisfied. (*Id.*)

The Hon. Louise L. Stanton thus reopened this action. (Dkt. No. 9.) In accordance with the Second Circuit's ruling, the Court noted that the portion of the prior decision finding that Plaintiff's claims do not implicate federal law under 28 U.S.C. § 1331 remained in effect. (*Id.*) She then ordered Plaintiff to show cause as to why this action should not be dismissed for lack of diversity jurisdiction and to show that the amount in controversy exceeds the jurisdictional amount of $75,000. (*Id.*) Plaintiff submitted a declaration in response, stating that she is in the United States on a temporary, nonimmigrant visa and that the amount in controversy is $58,008,456. (Dkt. No. 11.) She also claims that the court has subject matter jurisdiction because her claims arise under the Racial Discrimination Act of 1975—an Australian statute[2]—42 U.S.C. § 2000h-2, and the holding of *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). (*Id.*)

## ARGUMENT

### LEGAL STANDARD

Courts considering a motion to dismiss pursuant to Fed. R. Civ. P. § 12(b)(6) ("Rule 12(b)(6)") must accept all allegations contained in the Complaint as true, and examine whether those allegations contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). Plausible claims are those that allege "factual content that allows the court to

---

[2] *Racial Discrimination Act 1975* (Cth) (Austl.), https://www.legislation.gov.au/Details/C2014C00014.

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief "will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* While *pro se* complaints are construed liberally, "even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to 'raise a right to relief above the speculative level.'" *Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss pursuant to Rule 12(b)(6), a *pro se* plaintiff's pleadings still must contain 'more than an unadorned, the defendant-unlawfully-harmed me accusation.'" *Vickers-Pearson v. City of N.Y.*, No. 18-CV-7430 (ER), 2019 U.S. Dist. LEXIS 104460, *5 (S.D.N.Y. June 21, 2019) (quoting *Iqbal*, 556 U.S. at 678).

## POINT I

**PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiff asserts claims for discrimination and civil rights violations. (Compl. 5.) The Complaint, however, is devoid of any facts or allegations that adequately plead *Monell* liability or that describe either a discrimination claim or a civil rights violation. Nor does it set forth any legal basis for such claims. However, in her declaration in response to the Court's Order to Show Cause, Plaintiff asserts her claims arise under the Racial Discrimination Act of 1975, 42 U.S.C. § 2000h-2, and the holding of *Reeves*, 530 U.S. 133. (Dkt. No. 11, 1.) None of these sources, however, set forth a basis for a discrimination claim or a civil rights claim under the facts contained in the Complaint.

**A.     To the Extent Plaintiff Seeks to Bring a Claim under 42 U.S.C. § 1983, She Has Failed to Plead *Monell* Liability.**

Plaintiff brings this action against the Comptroller's Office, which is a department of the City of New York ("the City"). Thus, the Comptroller's Office is not subject to liability. *Bloch v. Comptroller*, No. 11-CV-469 (RRM), 2011 U.S. Dist. LEXIS 12698, *4 n. 1. (Feb. 9, 2011). Plaintiff was required to bring any action as against the City, not against its department. *Id.* Assuming, *arguendo*, that the Court will consider Plaintiff's claims as against the City, the Court has held already that the Complaint did not articulate a federal question. To the extent that the Court now wishes to consider Plaintiff's assertion that there is subject matter jurisdiction pursuant to a federal question (Dkt. No. 11, 1) and to the extent that Plaintiff now seeks to advance federal claims against the City pursuant to 42 U.S.C. § 1983 ("§ 1983"), Plaintiff has failed to adequately plead such a claim.

To state a claim pursuant to § 1983, commonly known as a *Monell* claim, a plaintiff must allege that a person acting under color of state law deprived the plaintiff of federal statutory or constitutional rights. *See Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012); *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694-95 (1978). Furthermore, § 1983 claims against municipalities must be supported by specific allegations that the deprivation of a plaintiff's rights resulted from "a policy, custom, or practice of the municipal defendant." *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *see generally Monell*, 436 U.S. at 692-95. Thus, a plaintiff must allege that there was "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been

aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

Plaintiff has not pled any such custom, policy, or practice of the Comptroller's Office that deprived her of a constitutional right. In fact, the Complaint does not articulate any federal statutory or constitutional right of which Plaintiff was allegedly deprived. (Compl., 5.) Plaintiff has failed to state a claim against the City, and the Court should dismiss this action.

**B.      Plaintiff Has Failed to Articulate a Viable Legal Basis for a Discrimination or Civil Rights Claim.**

Plaintiff also has not identified a basis for any statutory violation. The Complaint contains only a generic reference to a "discrimination" claim and "civil rights violation." (Compl., 5.) In her Declaration in response to the Court's Order to Show Cause, Plaintiff refers to the Racial Discrimination Act of 1975, 42 U.S.C. § 2000h-2, and *Reeves*, 530 U.S. 133, as the basis for subject matter jurisdiction and her claims in this action. (Dkt. No. 11, 1.) None of these sources of authority provide any support to Plaintiff's claims.

First, the Racial Discrimination Act of 1975 is an Australian statute. Plaintiff cannot bring a claim against the Comptroller's Office or the City for a purported violation of a foreign statute. Similarly, 42 U.S.C. § 2000h-2 cannot provide a basis for either a discrimination or civil rights claim against the Comptroller. 42 U.S.C. § 2000h-2 permits the Attorney General of the United States to intervene in actions seeking relief from the denial of equal protection of the laws under the Fourteenth Amendment that are deemed to be of general public importance. 42 U.S.C. § 2000h-2. It does not set forth a basis for a claim. Finally, *Reeves* concerns the claim of a former employee of a manufacturing company who brought claims against his former

6

employer, alleging that he was improperly terminated from his supervisory position on account of his age, in violation of the Age Discrimination in Employment Act of 1967. 530 U.S. at 138. Plaintiff does not allege that she was ever an employee of the Comptroller and does not set forth any facts in her Complaint that indicate she was discriminated against on the basis of age. (Compl. 5.) Thus, *Reeves* provides no basis for a discrimination claim in the current context. Consequently, the Complaint fails to set forth a legal basis for Plaintiff's proffered claims.

C. **Assuming *Arguendo*, that the Court Considers Plaintiff's Claim under § 1983, Plaintiff Has Failed to Plead Claim for Discrimination or a Civil Rights Violation, Including Any Possible Deprivation of Her Due Process Rights.**

The Complaint does not articulate a claim for discrimination. Plaintiff pleads that clerks at the Comptroller's Office attempted to assist her in filing a Notice of Claim after confirming there was a technical error with the eClaim system. (*Id.*) She does not allege that clerks refused to assist her on the basis of race, national origin, age, or any other protected class. (*Id.*) Nor does she imply that anyone at the Comptroller's Office communicated that her claim was disallowed for any reason other than being untimely; there is no implication that the claim was disallowed based on Plaintiff's identification with a protected class. (*Id.*) The Complaint indicates that the disallowance was based strictly on timeliness.

As discussed *supra*, Plaintiff does not allege any facts or allegations to support her claim of a generic civil rights violation against a municipal entity. *Supra*, I.a. Plaintiff does not plead that she was deprived of any constitutionally protected rights. To the extent Plaintiff attempts to claim that she was denied due process based on the disallowance of her Notice of Claim, such claim is without merit. Plaintiff did not suffer a procedural due process violation because there was an adequate remedy in state court. *Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Hellenic Am. Neighborhood Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996). Here, NYGML §

7

50-e(5) sets forth the process by which an individual may seek leave to file a late Notice of Claim. Plaintiff had one year and 90-days from the alleged date of incident, March 22, 2018, to seek leave in New York Supreme Court to file a late Notice of Claim. Plaintiff's failure to use that process within the timeframe set forth in GML § 50-e(5) does not create a due process violation.

Nor has Plaintiff pled a substantive due process claim. In order to plead a claim for a substantive due process violation, Plaintiff was required to plead that the Comptroller's actions were "arbitrary, conscience-shocking, or oppressive in a constitutional sense." *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995) (citing *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994)). Substantive due process does not protect against government action that is incorrect or ill-advised. *Id.* Here, the Complaint sets forth, at most, a claim that the Comptroller's Office committed a clerical error in disallowing Plaintiff's late Notice of Claim in light of the eClaim system's technical failure. (Compl. 5.) The Complaint does not contain any facts that lend credence to an argument that the Comptroller's actions were arbitrary, conscience-shocking, or oppressive—particularly in light of the Notice of Claim requirements set forth in GML § 50-e. Consequently, Plaintiff has failed to set forth any facts to support a substantive due process claim and any potential claim on this basis must be dismissed.

## CONCLUSION

Given the foregoing, this Court should dismiss the Complaint. Plaintiff has failed to plead a cause of action upon which relief may be granted and presents no viable claim before this Court. Consequently, the action should be dismissed.

**WHEREFORE**, Defendant respectfully requests that this Court grant its motion in its entirety and such other and further relief as the Court deems just and proper.

Dated: August 27, 2019
        New York, New York

        **ZACHARY W. CARTER**
        *Corporation Counsel of the City of New York*
        Attorney for Defendant
        100 Church Street, Room 2-168
        New York, NY 10007
        Phone: (212) 356-0877
        Fax: (212) 356-1148
        E-mail: ryogiave@law.nyc.gov

By:    /s/ Rosemary C. Yogiaveetil
        ROSEMARY C. YOGIAVEETIL
        *Assistant Corporation Counsel*

9