

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ROSEMARY C. YOGIAVEETIL**
Phone: (212) 356-0877
Fax: (212) 356-1148
ryogiave@law.nyc.gov

October 17, 2019

*Via ECF*
Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1506
New York, New York 10007

      Re:    *He v. Office of the New York City Comptroller,* 18-CV-7806 (RA)

Your Honor:

      I am the Assistant Corporation Counsel assigned to represent the defendant, the Office of the New York City Comptroller, in the above-referenced action. In accordance with the Court's September 27, 2019 Order (Dkt. No. 23), the parties conferred by telephone on October 7, 2019 with respect to whether Plaintiff wishes to proceed with this action in the Southern District of New York (S.D.N.Y.). Unfortunately, we are unable to submit a joint letter to the Court, as I do not believe that I can adequately convey how Ms. He wishes to proceed. I now write to update the Court as to my understanding of Ms. He's position and to apprise the Court of the circumstances surrounding our conversations on this issue.

      During our October 7, 2019 call, I explained to Ms. He that, as counsel for the defendant, I am not able to provide her with any legal advice. Ms. He explained that she has difficulty understanding English; however, I conveyed to her my understanding of Your Honor's Order and asked whether she wishes to continue pursuing this action in S.D.N.Y. Ms. He indicated that she has moved the case "to the highest court in the United States in Washington, D.C.," the United States Supreme Court. I understood this to mean that she wishes to pursue her claims in that forum, instead of S.D.N.Y.

      I also had been informed by a colleague in the Appeals Division of the Law Department that the United States Supreme Court recently denied Ms. He's Petition for Writ of Certiorari, which I mentioned to Ms. He during our October 7, 2019 phone conversation. It appears, however, that she did not understand the meaning of this statement due to the language barrier.

At the end of our conversation, I informed Ms. He that I would draft a joint letter, detailing our conversation and explaining how she wishes to proceed, and send it to the email address that she provided me. I sent her a draft, joint letter on October 8, 2019, which contained, in sum and substance, the content set forth above. In my email, I reiterated that I understood that the United States Supreme Court had denied Ms. He's petition and that I could not provide her with legal advice. I asked her to review the letter and to advise me of any comments or concerns.

Ms. He responded that we had not spoken the day prior about any legal matters, that she "has moved the case to the SUPREME COURT OF THE UNITED STATES as No. 18-9778," and that she would "See you the SUPREME COURT OF THE UNITED STATES." I responded to Ms. He with the time at which we spoke on October 7, 2019 and that, although her petition had been denied, I understood that she wished to continue with her case before the United States Supreme Court. I also reiterated that we were to submit a letter to the Court the following week. When I did not hear from Ms. He, I followed up by email on October 11, 2019. Ms. He responded on October 12, 2019, stating that "This case has appeal, and moved to the SUPREME COURT OF THE UNITED STATES as No. 18-9778." She proceeded to state that "This court has no jurisdiction." On October 15, 2019, Ms. He sent a follow up email, indicating she had received the Supreme Court's denial of her petition. The remainder of the message is unclear. Ms. He writes, "When I were an action for relief the personal injuries, I suffered this personal injuries again. That case is being petition to the Supreme Court. If it is accepted, I would like to increase your position as a Respondent. This will save the cost of litigation and will also clarify the responsibilities of the parties. So I hope you can modify the joint statement."

Given the denial of Ms. He's petition to the United States Supreme Court, I am unclear how Ms. He wishes to proceed. Moreover, due to the language barrier, I do not believe that I can adequately communicate with Ms. He. Yesterday, I informed Ms. He that I do not believe we can resolve this issue and suggested that the parties file separate letters to the court. She concurred and stated, "I don't think that You have the power to explain what I want doing."

It is my understanding that Ms. He does not believe this Court has jurisdiction over this case and that she wishes to pursue the case with the United States Supreme Court. Given the Supreme Court's denial of Plaintiff's petition, however, Defendant believes that this Court retains jurisdiction over this action and respectfully requests that the Court issue a decision on Defendant's motion to dismiss.

Sincerely,

/s/ Rosemary C. Yogiaveetil_____
Rosemary C. Yogiaveetil
Assistant Corporation Counsel

*Via First Class Mail and E-Mail*
XUEJIE HE
40 Ann Street
New York, New York 10038
aiaihh8888@gmail.com
*Plaintiff Pro Se*

2